UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Plaintiff,<br>v.<br>VINCENT A. CARDONA-LOPEZ,<br>　　　　　　　　　　Defendant. | Case No.: 17-cr-643-BEN<br><br>**ORDER DENYING DEFENDANT'S MOTION IN LIMINE REGARDING CELL PHONE DISCOVERY** |

Defendant Vincent A. Cardona-Lopez moves *in limine* for an order requiring the government to provide information about bypass methods and tools used to search his cell phone and to conduct a *Daubert* hearing. The motion is denied.

Recently, the government provided to the defense evidence extracted from Defendant's cell phone. In response, Defendant wants to know what methods or tools were used to bypass the lock screen on his phone. Although denominated an *in limine* motion, this is in essence a discovery motion.

"For nearly forty years, the Supreme Court has reminded us that there is no general constitutional right to discovery in a criminal case . . . ." *United States v. Lucas*, 841 F.3d 796, 809 (9th Cir. 2016) (internal quotations and citations omitted). Instead, to obtain discovery, a defendant must make a showing that the requested information is *material to preparing the defense*. Fed. R. Crim. P. 16(a)(1)(E);

*Lucas*, 841 F.3d at 804 ("To obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality.") (internal quotations and citations omitted). Defendant has not made that showing.

Defendant is not seeking to know what information was extracted from his phone. He is not seeking anything from his phone. That kind of information, Defendant presumably already has or has received from the government. Whether all or any of that information is material to preparing his defense, Defendant does not say. Regardless, it is not the actual information stored in the phone; it is the methods and tools used by the government to discover the information stored in the phone which Defendant seeks to discover.

How is knowledge of the methods or tools material to preparing a defense? Defendant offers only speculation. He says the method "could have" resulted in "'missing' or 'destroyed' data." *See* Def.'s Statement of Facts in Support of Supp'l Motions in Limine, at 2. He does not say precisely how identifying missing data or identifying destroyed data will be material to preparing a defense. Instead, Defendant poses a list of possible strategic moves based on speculation. For example, he offers that this information would provide a basis to challenge conclusions and inferences drawn from the cell phone data. Maybe. On the other hand, it may provide no help. Defendant has not said, for example, that he sent exculpatory text messages that are now missing from the phone's contents, or that he took exculpatory photographs that have been erased. He has already moved to suppress the information obtained from the cell phone. That motion has been denied. *See* Order Denying Def.'s Motion to Quash Search Warrant and Suppress Evid. (dated Feb. 7, 2018).

He says that the government's data might be different from the telephone service provider's data and assumes that the government's data must be incorrect and the telephone provider's data correct. He argues that he may have an expert re-extract data without explaining how that would be material to his defense. He

posits that he might move to dismiss the indictment based on destruction of evidence without even hinting at what evidence has been destroyed or why it is material to the case. He proposes that with knowledge of the government's methods and tools he "might alter his defense at trial," without suggesting the material alteration.

In short, Defendant asserts that understanding precisely how the government "broke into" his phone is imperative to evaluating the reliability of the data the government has extracted from the phone. However, the Defendant's assertion that it is imperative is not persuasive. And the Court is not persuaded that Defendant has shown that such methods-and-tools information is material to preparing his defense. Consequently, without a showing of materiality, it is not discoverable under Rule 16. *Lucas*, 841 F.3d at 809 ("Lucas must do more than speculate. . . .").

Concerning Defendant's request for a *Daubert* hearing, the motion is also denied. In the event the government calls an expert to testify at trial about the process it used to search the cell phone, Defendant may test the expert's expertise and opinions in the usual manner through qualification and cross-examination.

IT IS SO ORDERED.

DATED: June 25, 2018

_____
Hon. Roger T. Benitez
United States District Judge